UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STELLA NWAGU and PASCHAL NWAGU, *individually and as Personal Representatives of the Estate of Joseph Nwagu,* <br><br> Plaintiffs, <br><br> v. <br><br> ANIKA MOORE, CASSANDRA ETIENNE, RACHEL PERAKSLIS, LUCY BAYER-ZWIRELLO, ANNA KESHISHYAN, KATRINA DOHERTY, LUISA BORGONZI, STEWARD GOOD SAMARITAN MEDICAL CENTER, INC., and STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., <br><br> Defendants. | Civil No. 20-11415-LTS |

ORDER ON MOTIONS TO SUBSTITUTE,
CROSS-MOTIONS TO REMAND, AND MOTIONS TO REFER (DOCS. NO. 4, 19, 15–18)

September 22, 2020

SOROKIN, J.

In this medical malpractice action, Defendants Anika Moore and Cassandra Etienne have moved to be dismissed from the case and to have the United States of America substituted to stand in their place, Docs. No. 4, 19,[1] and the remaining defendants have moved to refer the claims against them to a medical malpractice tribunal, Docs. No. 15–18. Plaintiffs Stella Nwagu and Paschal Nwagu oppose substitution and have moved to have the case remanded to state

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

court, Docs. No. 5, 22, but do not oppose referral. For the reasons which follow, substitution is ALLOWED for both Moore and Etienne. Remand is DENIED. The Motions to Refer are ALLOWED. The malpractice claims against Defendants Rachel Perakslis, Lucy Bayer-Zwirello, Anna Keshishyan, Katrina Doherty, Luisa Borgonzi, Steward Good Samaritan Medical Center, Inc., and Steward St. Elizabeth's Medical Center of Boston, Inc. shall be referred to the Massachusetts Superior Court Department of the Trial Court for the purpose of convening a medical malpractice tribunal, pursuant to M.G.L. c. 231, § 60B.

I.      BACKGROUND

        For context, the Court sets forth some relevant facts drawn from the pleadings filed to date. Stella Nwagu was just over 31 weeks pregnant when she was admitted to Steward Good Samaritan Medical Center ("GSMC") soon after midnight on the morning of August 15, 2018. Doc. No. 1-3 ¶ 17. She complained she had been suffering from painful contractions since the morning before. Id. Etienne, a midwife, was called to Stella Nwagu's room because it was thought she was "about to deliver" and Etienne ordered that Stella Nwagu be given medicine to delay her preterm labor. Id. ¶ 18. Roughly two hours later, Etienne was informed that Stella Nwagu was continuing to have contractions despite having been administered a second dose of labor-delaying drugs. Id. ¶ 19. At that point, Etienne spoke with Moore, a doctor who the complaint alleges was working as an attending/on-call physician at SGSMC that night. Id. Moore recommended a maternal-fetal medical consult. Id. It was an hour before Etienne was able to consult with Dr. Bayer-Zwirello, at Stewart St. Elizabeth's Medical Center ("SEMC"), and another hour and a half still before Stella Nwagu was taken in an ambulance for treatment at SEMC. Id. ¶¶ 19, 22.

2

Stella Nwagu's son, Joseph, was born prematurely later that day. Id. ¶ 26. He began

having seizures at one hour of life and was transferred to Massachusetts General Hospital's

Neonatal Intensive Care Unit for further treatment. Id. ¶ 27. Joseph Nwagu's parents decided to

redirect his treatment efforts to comfort measures on October 2, 2018 and he passed away six

day later. Id. He was fifty-five days old.

Stella Nwagu and Paschal Nwagu brought suit in state court against Etienne, Moore, and

various other medical providers claiming malpractice and associated torts. See Doc. No. 1.

Moore removed to this Court, alleging that she is an employee of the federal government. Id. She

filed the instant motion to substitute the United States of America in her place, and Etienne then

filed her own motion to do the same. See Docs. No. 4, 19. The Nwagus oppose both motions,

arguing substitution is not warranted because it is not yet clear whether Etienne and Moore were

truly acting within the scope of their federal employment at the time the allegedly negligent acts

occurred. The Nwagus have also cross-moved to have the case remanded. The remaining

defendants then filed motions to refer the claims against them to a medical malpractice tribunal,

Docs. No. 15–18, which the Nwagus have not opposed.

II.     DISCUSSION

A.      The Motions to Substitute

Moore and Etienne have moved for substitution pursuant to 28 U.S.C. § 2679(d)(2).

Docs. No. 4, 19. They have submitted evidence that they are employed by a federally supported

health clinic and the United States Attorney has certified that they were acting within the scope

of their employment at all relevant times. See Docs. No. 4-1, 4-3, 19-1, 19-3. Once such a

certification is made, a suit is "deemed an action against the United States under the [Federal

Tort Claims Act] and the United States is substituted as the party defendant, but the certification

is provisional and subject to judicial review, after which the employee may be resubstituted."

Aversa v. United States, 99 F.3d 1200, 1208 (1st Cir. 1996). The Motions to Substitute are

therefore ALLOWED WITHOUT PREJUDICE to the Nwagus's right to move to resubstitute

Moore and Etienne at a later date.

The Court finds that the Plaintiffs have "indicate[d] what sort of facts" they need to

support "a viable theory" that Moore and Etienne were acting outside the scope of their

employment, whether as borrowed servants or otherwise. Davric Maine Corp. v. U.S. Postal

Serv., 238 F.3d 58, 68 (1st Cir. 2001). The Court will therefore permit discovery on immunity-

related facts in the course of discovery.

      B.    The Cross-Motions to Remand

Removal was timely under § 2679(d)(2) because that statute authorizes removal "at any

time before trial." Moore removed prior to trial. See Doc. No. 20. Contrary to the Nwagus's

arguments, the provisions of § 2679(d)(2) control rather than the provisions of 28 U.S.C. § 1446.

See McLaurin v. United States, 392 F.3d 774, 778–79 (5th Cir. 2004); Rivera-Carrion v.

Miranda, 529 F. Supp. 2d 296, 298–99 (D.P.R. 2008); Solis-Alarcon v. Abreu-Lara, 722 F. Supp.

2d 157, 160 (D.P.R. 2010). Plaintiff's Cross-Motions to Remand are therefore DENIED.

      C.    The Motions to Refer

The remaining defendants have moved to refer the claims against them to a state medical

malpractice tribunal, pursuant to M.G.L. c. 231, § 60B. Docs. No. 15–18. This Court has

jurisdiction under 28 U.S.C.A. § 1346 over claims I-XIV against the United States of America

(previously against Moore and Etienne). The Court has supplemental jurisdiction over claims

XV-LXIII, which lie against the remaining nonfederal defendants. Referral of malpractice claims

over which the Court has supplemental jurisdiction is required by Feinstein v. Massachusetts

4

General Hospital, 643 F.2d 880 (1st Cir. 1981). Accordingly, the Motions to Refer are ALLOWED. The malpractice claims against the nonfederal defendants shall be referred to the Massachusetts Superior Court Department of the Trial Court for the purpose of convening a medical malpractice tribunal, pursuant to M.G.L. c. 231, § 60B.

IV.     CONCLUSION

    The Motions to Substitute are ALLOWED, the Cross-Motions to Remand are DENIED, and the Motions to Refer are ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge