UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PASCHAL NWAGU, as the Personal Representative of the ESTATE of JOSEPH NWAGU and Individually, and STELLA NWAGU, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 1:20-cv-11415-LTS |
| v. | ) ) | |
| RACHEL PERAKSLIS, R.N., LUCY BAYER-ZWIRELLO, M.D., ANNA KESHISHYAN, C.N.M., KATRINA DOHERTY, R.N. (formerly known as KATRINA MARTIN, B.S.N.), LUISA BORGONZI, R.N., STEWARD GOOD SAMARITAN MEDICAL CENTER, INC., STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**NOW COMES** Defendant Good Samaritan Medical Center, Inc. ("GSMC" or "Defendant"), by and through undersigned counsel, Thompson Bowie & Hatch LLC, and responds to the Plaintiffs' Second Amended Complaint as follows:

**Parties[1]**

1. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

---

[1]      GSMC has repeated Plaintiffs' headings solely for the Court's ease of reference, and their use of these headings does not connote an admission of any fact alleged or implied by those headings.  If the section headings are intended to serve as an allegation of fact, any such allegations are denied.

2.  GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

3.  No answer is required to Paragraph 3 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

4.  No answer is required to Paragraph 4 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

5.  No answer is required to Paragraph 5 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

6.  No answer is required to Paragraph 6 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

7.  No answer is required to Paragraph 7 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

8. No answer is required to Paragraph 8 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

9. No answer is required to Paragraph 9 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

10. GSMC admits only that it is a Delaware corporation with a place of business at 235 Pearl Street, Brockton, Massachusetts, and denies the remainder of the allegations in Paragraph 10.

11. No answer is required to Paragraph 11 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

**Facts**

12. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

13. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

14. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

15. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

16. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

17. GSMC denies the allegations contained in Paragraph 17 of the Plaintiffs' Second Amended Complaint.

18. GSMC denies the allegations contained in Paragraph 18  of the Plaintiffs' Second Amended Complaint.

19. GSMC denies the allegations contained in Paragraph 19 of the Plaintiffs' Second Amended Complaint.

20. GSMC denies the allegations contained in Paragraph 20 of the Plaintiffs' Second Amended Complaint.

21. GSMC denies the allegations contained in Paragraph 21 of the Plaintiffs' Second Amended Complaint.

22. GSMC denies the allegations contained in Paragraph 22 of the Plaintiffs' Second Amended Complaint.

23. GSMC denies the allegations contained in Paragraph 23 of the Plaintiffs' Second Amended Complaint.

24. GSMC denies the allegations contained in Paragraph 24 of the Plaintiffs' Second Amended Complaint.

25. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

26. No answer is required to Paragraph 26 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

27. No answer is required to Paragraph 27 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

28. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

29. No answer is required to Paragraph 29 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

30. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

31. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

32. GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

33. GSMC denies the allegations contained in Paragraph 33 of the Plaintiffs' Second Amended Complaint.

34. GSMC denies the allegations contained in Paragraph 34 of the Plaintiffs' Second Amended Complaint.

35. GSMC denies the allegations contained in Paragraph 35 of the Plaintiffs' Second Amended Complaint.

36. GSMC denies the allegations contained in Paragraph 36 of the Plaintiffs' Second Amended Complaint.

37. GSMC denies the allegations contained in Paragraph 37 of the Plaintiffs' Second Amended Complaint.

38. GSMC denies the allegations contained in Paragraph 38 of the Plaintiffs' Second Amended Complaint.

39. GSMC denies the allegations contained in Paragraph 39 of the Plaintiffs' Second Amended Complaint.

40. GSMC denies the allegations contained in Paragraph 40 of the Plaintiffs' Second Amended Complaint.

41. GSMC denies the allegations contained in Paragraph 41 of the Plaintiffs' Second Amended Complaint.

42. No answer is required to Paragraph 42 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

43. No answer is required to Paragraph 43 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

44. GSMC denies the allegations contained in Paragraph 44 of the Plaintiffs' Second Amended Complaint.

45. No answer is required to Paragraph 45 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

46. No answer is required to Paragraph 46 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

47. No answer is required to Paragraph 47 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit

or deny the allegations contained in Paragraph 47, including subparts, of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

48. No answer is required to Paragraph 48 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48, including subparts, of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

49. No answer is required to Paragraph 49 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49, including subparts, of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

50. No answer is required to Paragraph 50 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50, including subparts, of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

51. No answer is required to Paragraph 51 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51, including subparts, of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

52. GSMC denies the allegations contained in Paragraph 52, including subparts, of the Plaintiffs' Second Amended Complaint.

53. No answer is required to Paragraph 53 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit

or deny the allegations contained in Paragraph 53 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

54. GSMC denies the allegations contained in Paragraph 54 of the Plaintiffs' Second Amended Complaint.

55. GSMC denies the allegations contained in Paragraph 54 of the Plaintiffs' Second Amended Complaint.

56. No answer is required to Paragraph 56 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

57. No answer is required to Paragraph 57 as it does not pertain to this Defendant. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

58. GSMC denies the allegations contained in Paragraph 58, including subparts, of the Plaintiffs' Second Amended Complaint.

59. GSMC denies the allegations contained in Paragraph 59 of the Plaintiffs' Second Amended Complaint.

60. GSMC denies the allegations contained in Paragraph 60 of the Plaintiffs' Second Amended Complaint.

61. GSMC denies the allegations contained in Paragraph 61 of the Plaintiffs' Second Amended Complaint.

62. No answer is required to Paragraph 62 as it calls for a conclusion of law. To the extent that an answer is required, GSMC is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 of the Plaintiffs' Second Amended Complaint, and therefore denies the same.

### Count I
### (Negligent Wrongful Death against United States of America)

Count I states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count I and Paragraphs 63 through 67 are construed to contain allegations against GSMC, they are denied.

### Count II
### (Grossly Negligent Wrongful Death against United States of America)

Count II states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count II and Paragraphs 68 through 72 are construed to contain allegations against GSMC, they are denied.

### Count III
### (Conscious Pain and Suffering against United States of America)

Count III states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count II and Paragraphs 73 through 76 are construed to contain allegations against GSMC, they are denied.

### Count IV
### (Loss of Consortium by Paschal Nwagu against United States of America)

Count IV states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count IV and Paragraphs 77 through 79 are construed to contain allegations against GSMC, they are denied.

**Count V**
**(Loss of Consortium by Stella Nwagu against United States of America)**

Count V states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count V and Paragraphs 80 through 82 are construed to contain allegations against GSMC, they are denied.

**Count VI**
**(Negligent Infliction of Emotional Distress on Paschal Nwagu against United States of America)**

Count VI states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count VI and Paragraphs 83 through 85 are construed to contain allegations against GSMC, they are denied.

**Count VII**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against United States of America)**

Count VII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count VII and Paragraphs 86 through 88 are construed to contain allegations against GSMC, they are denied.

**Count VIII**
**(Negligent Wrongful Death against Rachel Perakslis, R.N.)**

Count VIII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count VIII and Paragraphs 89 through 92 are construed to contain allegations against GSMC, they are denied.

## Count IX
### (Grossly Negligent Wrongful Death against Rachel Perakslis, R.N.)

Count IX states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count IX and Paragraphs 93 through 96 are construed to contain allegations against GSMC, they are denied.

## Count X
### (Conscious Pain and Suffering against Rachel Perakslis, R.N.)

Count X states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count X and Paragraphs 97 through 99 are construed to contain allegations against GSMC, they are denied.

## Count XI
### (Loss of Consortium by Paschal Nwagu against Rachel Perakslis, R.N.)

Count XI states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XI and Paragraphs 100 through 101 are construed to contain allegations against GSMC, they are denied.

## Count XII
### (Loss of Consortium by Stella Nwagu against Rachel Perakslis, R.N.)

Count XII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XII and Paragraphs 102 through 103 are construed to contain allegations against GSMC, they are denied.

**Count XIII**
**(Negligent Infliction of Emotional Distress on Paschal Nwagu against Rachel Perakslis, R.N.)**

Count XIII states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XIII and Paragraphs 104 through 105 are construed to contain allegations against GSMC, they are denied.

**Count XIV**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against Rachel Perakslis, R.N.)**

Count XIV states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XIV and Paragraphs 106 through 107 are construed to contain allegations against GSMC, they are denied.

**Count XV**
**(Negligent Wrongful Death against Lucy Bayer-Zwirello, M.D.)**

Count XV states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XV and Paragraphs 108 through 111 are construed to contain allegations against GSMC, they are denied.

**Count XVI**
**(Grossly Negligent Wrongful Death against Lucy Bayer-Zwirello, M.D.)**

Count XVI states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XVI and Paragraphs 112 through 115 are construed to contain allegations against GSMC, they are denied.

## Count XVII
### (Conscious Pain and Suffering against Lucy Bayer-Zwirello, M.D.)

Count XVII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XVII and Paragraphs 116 through 118  are construed to contain allegations against GSMC, they are denied.

## Count XVIII
### (Loss of Consortium by Paschal Nwagu against Lucy Bayer-Zwirello, M.D.)

Count XVIII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XVIII and Paragraphs 119 through 120 are construed to contain allegations against GSMC, they are denied.

## Count XIX
### (Loss of Consortium by Stella Nwagu against Lucy Bayer-Zwirello, M.D.)

Count XIX states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XIX and Paragraphs 121 through 122 are construed to contain allegations against GSMC, they are denied.

## Count XX
### (Negligent Infliction of Emotional Distress on Paschal Nwagu against Lucy Bayer-Zwirello, M.D.)

Count XX states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XX and Paragraphs 123 through 124 are construed to contain allegations against GSMC, they are denied.

**Count XXI**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against Lucy Bayer-Zwirello, M.D.)**

Count XXI states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XXI and Paragraphs 125 through 126 are construed to contain allegations against GSMC, they are denied.

**Count XXII**
**(Negligent Wrongful Death against Anna Keshishyan, C.N.M.)**

Count XXII states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XXII and Paragraphs 127 through 130 are construed to contain allegations against GSMC, they are denied.

**Count XXIII**
**(Grossly Negligent Wrongful Death against Anna Keshishyan, C.N.M.)**

Count XXIII states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XXIII and Paragraphs 131 through 134 are construed to contain allegations against GSMC, they are denied.

**Count XXIV**
**(Conscious Pain and Suffering against Anna Keshishyan, C.N.M.)**

Count XXIV states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count XXIV and Paragraphs 135 through 137 are construed to contain allegations against GSMC, they are denied.

### Count XXV
### (Loss of Consortium by Paschal Nwagu against Anna Keshishyan, C.N.M.)

Count XXV states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXV and Paragraphs 138 through 139 are construed to contain allegations against GSMC, they are denied.

### Count XXVI
### (Loss of Consortium by Stella Nwagu against Anna Keshishyan, C.N.M.)

Count XXIV states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXVI and Paragraphs 140 through 141 are construed to contain allegations against GSMC, they are denied.

### Count XXVII
### (Negligent Infliction of Emotional Distress on Paschal Nwagu against Anna Keshishyan, C.N.M.)

Count XXVII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXVII and Paragraphs 142 through 143 are construed to contain allegations against GSMC, they are denied.

### Count XXVIII
### (Negligent Infliction of Emotional Distress on Stella Nwagu against Anna Keshishyan, C.N.M.)

Count XXVIII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXVIII and Paragraphs 144 through 145 are construed to contain allegations against GSMC, they are denied.

**Count XXIX**
**(Negligent Wrongful Death against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXIX states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXIX and Paragraphs 146 through 149 are construed to contain allegations against GSMC, they are denied.

**Count XXX**
**(Grossly Negligent Wrongful Death against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXX states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXX and Paragraphs 150 through 153 are construed to contain allegations against GSMC, they are denied.

**Count XXXI**
**(Conscious Pain and Suffering against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXXI states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXI and Paragraphs 154 through 156 are construed to contain allegations against GSMC, they are denied.

**Count XXXII**
**(Loss of Consortium by Paschal Nwagu against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXXII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXII and Paragraphs 157 through 158 are construed to contain allegations against GSMC, they are denied.

**Count XXXIII**
**(Loss of Consortium by Stella Nwagu against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXXIII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXIII and Paragraphs 159 through 160 are construed to contain allegations against GSMC, they are denied.

**Count XXXIV**
**(Negligent Infliction of Emotional Distress on Paschal Nwagu against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXXIV states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXIV and Paragraphs 161 through 162 are construed to contain allegations against GSMC, they are denied.

**Count XXXV**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against Katrina Doherty, R.N. (formerly known as Katrina Martin, B.S.N.))**

Count XXXV states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXV and Paragraphs 163 through 164 are construed to contain allegations against GSMC, they are denied.

**Count XXXVI**
**(Negligent Wrongful Death against Luisa Borgonzi, R.N.)**

Count XXXVI states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXVI and Paragraphs 165 through 168 are construed to contain allegations against GSMC, they are denied.

**Count XXXVII**
**(Grossly Negligent Wrongful Death against Luisa Borgonzi, R.N.)**

Count XXXVII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXVII and Paragraphs 169 through 172 are construed to contain allegations against GSMC, they are denied.

**Count XXXVIII**
**(Conscious Pain and Suffering against Luisa Borgonzi, R.N.)**

Count XXXVIII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXVIII and Paragraphs 173 through 175 are construed to contain allegations against GSMC, they are denied.

**Count XXXIX**
**(Loss of Consortium by Paschal Nwagu against Luisa Borgonzi, R.N.)**

Count XXXIX states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XXXIX and Paragraphs 176 through 177 are construed to contain allegations against GSMC, they are denied.

**Count XL**
**(Loss of Consortium by Stella Nwagu against Luisa Borgonzi, R.N.)**

Count XL states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XL and Paragraphs 178 through 179 are construed to contain allegations against GSMC, they are denied.

**Count XLI**
**(Negligent Infliction of Emotional Distress on Paschal Nwagu against Luisa Borgonzi, R.N.)**

Count XLI states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XLI and Paragraphs 180 through 181 are construed to contain allegations against GSMC, they are denied.

**Count XLII**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against Luisa Borgonzi, R.N.)**

Count XLII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count XLII and Paragraphs 182 through 183 are construed to contain allegations against GSMC, they are denied.

**Count XLIII**
**(Negligent Wrongful Death against Steward Good Samaritan Medical Center, Inc.)**

184.      GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

185.      GSMC denies the allegations contained in Paragraph 185 of the Plaintiffs' Second Amended Complaint.

186.      GSMC denies the allegations contained in Paragraph 186 of the Plaintiffs' Second Amended Complaint.

187.      GSMC denies the allegations contained in Paragraph 187 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

**Count XLIV**
**(Grossly Negligent Wrongful Death against Steward Good Samaritan Medical Center, Inc.)**

188.      GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

189.      GSMC denies the allegations contained in Paragraph 189 of the Plaintiffs' Second Amended Complaint.

190.     GSMC denies the allegations contained in Paragraph 190 of the Plaintiffs' Second Amended Complaint.

191.     GSMC denies the allegations contained in Paragraph 191 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

## Count XLV
### (Conscious Pain and Suffering against Steward Good Samaritan Medical Center, Inc.)

192.     GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

193.     GSMC denies the allegations contained in Paragraph 193 of the Plaintiffs' Second Amended Complaint.

194.      GSMC denies the allegations contained in Paragraph 194 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

## Count XLVI
### (Loss of Consortium by Paschal Nwagu against Steward Good Samaritan Medical Center, Inc.)

195.     GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

196.     GSMC denies the allegations contained in Paragraph 196 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

**Count XLVII**
**(Loss of Consortium by Stella Nwagu against Steward Good Samaritan Medical Center, Inc.)**

197.    GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

198.    GSMC denies the allegations contained in Paragraph 198 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

**Count XLVIII**
**(Negligent Infliction of Emotional Distress on Paschal Nwagu against Steward Good Samaritan Medical Center, Inc.)**

199.    GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

200.    GSMC denies the allegations contained in Paragraph 200 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

**Count XLIX**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against Steward Good Samaritan Medical Center, Inc.)**

201.    GSMC repeats and incorporates by reference its responses to all of the allegations contained in the previous paragraphs of the Plaintiff's Second Amended Complaint, as if expressly rewritten and set forth herein.

202.     GSMC denies the allegations contained in Paragraph 202 of the Plaintiffs' Second Amended Complaint.

Wherefore, GSMC denies the Plaintiffs are entitled to judgment or relief.

**Count L**
**(Negligent Wrongful Death against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count L states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count L and Paragraphs 203 through 206 are construed to contain allegations against GSMC, they are denied.

**Count LI**
**(Grossly Negligent Wrongful Death against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count LI states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count LI and Paragraphs 207 through 210 are construed to contain allegations against GSMC, they are denied.

**Count LII**
**(Conscious Pain and Suffering against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count LII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count LII and Paragraphs 211 through 213 are construed to contain allegations against GSMC, they are denied.

**Count LIII**
**(Loss of Consortium by Paschal Nwagu against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count LIII states no claim against GSMC, and therefore requires no answer by it.  To the extent that the allegations of Count LIII and Paragraphs 214 through 215 are construed to contain allegations against GSMC, they are denied.

**Count LIV**
**(Loss of Consortium by Stella Nwagu against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count LIV states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count LIV and Paragraphs 216 through 217 are construed to contain allegations against GSMC, they are denied.

**Count LV**
**(Negligent Infliction of Emotional Distress on Paschal Nwagu against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count LV states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count LV and Paragraphs 218 through 219 are construed to contain allegations against GSMC, they are denied.

**Count LVI**
**(Negligent Infliction of Emotional Distress on Stella Nwagu against Steward St. Elizabeth's Medical Center of Boston, Inc.)**

Count LVI states no claim against GSMC, and therefore requires no answer by it. To the extent that the allegations of Count LVI and Paragraphs 220 through 221 are construed to contain allegations against GSMC, they are denied.

**JURY DEMAND**

GSMC hereby requests a jury trial as to all claims triable in this action.

**AFFIRMATIVE DEFENSES**

GSMC states the following Affirmative Defenses:

1. The Defendant says that some or all of Plaintiffs' claims are barred by reasons of the Massachusetts Statute of Limitations or Statute of Repose.

2.  The Defendant states that the Plaintiffs' Second Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

3.  The Defendant states that the injury or damage to the Plaintiffs, if any, was caused by the act, omission and/or negligence of some other person or persons for whose conduct the Defendant is not responsible.

4.  The Defendant states that the injuries alleged were caused in whole or in part by the negligence of the Plaintiffs, and any recovery should be reduced or barred pursuant to the provisions of M.G.L. c. 231, §85.

5.  The Defendant states that the injuries alleged were caused by the intervening and/or superseding acts of third persons for which Defendant is not liable.

6.  The Defendant states that the Plaintiffs' recovery for past and future medical expenses and other damages is limited pursuant to the provisions set forth in M.G.L. c. 231, §§ 60B, 60G, and 60H, and the "Affordable Care Act."

7.  If Plaintiff underwent the course of treatment and/or medical procedures alleged, Plaintiff did so after being properly informed and cognizant of any material risk and uncertainties involved in said procedures and the Plaintiff exercised informed consent to the performance of said procedures.

8.  The Plaintiffs' damages, if any, are limited to those available under M.G.L. c. 229.

9.  The Defendant states that the acts or omissions complained of by the Plaintiffs are not within the scope of any obligations undertaken by the Defendant.

10. If the Plaintiff or Plaintiffs' decedent has been harmed by the conduct of the Defendant, which the Defendant denies, the Plaintiff's recovery is barred or diminished by reason of failure to mitigate damages.

11. Plaintiffs' claims, to the extent they are based on strategic decisions, are barred by the Professional Judgment Rule.

12. Plaintiff has failed to join an indispensable party in violation of Fed.R.Civ.P. 19 and the action must be dismissed.

13. Plaintiffs' Second Amended Complaint does not assert any statutory or legal basis for punitive damages.

14. Pursuant to M.G.L. c. 231, §60B, Plaintiffs are required to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry in order to proceed with this matter as to the claims against this Defendant.

15. Plaintiffs' Second Amended Complaint fails to satisfy Plaintiffs' obligations under Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs do not provide a "short and plain statement" of their claim.

16. Plaintiffs' Second Amended Complaint fails to satisfy Plaintiff's obligations under Rule 10 of the Federal Rules of Civil Procedure. Plaintiffs do not state their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

17. Plaintiffs' claims are barred or reduced based on comparative fault and/or contributory negligence and damages, should be barred or reduced proportionally.

18. Defendant reserves the right to amend this list of defenses as may be made necessary by the discovery of additional facts.

Wherefore, GSMC respectfully requests that all relief requested by the Plaintiffs be denied and that the Defendant be awarded judgment and their costs, reasonable attorneys' fees, and such other relief as the Court deems just and proper.

Dated: January 26, 2024

GOOD SAMARITAN MEDICAL CENTER, INC.

By its Attorney,

/s/ Matthew S. Wahrer

_____
Matthew S. Wahrer, BBO# 691194
mwahrer@thompsonbowie.com
Thompson Bowie & Hatch LLC
415 Congress Street
Portland, ME 04112
207-774-2500

CERTIFICATE OF SERVICE

I certify that I have served this document via Notice of Electronic Filing for parties who receive electronic notice by the CM/ECF system and via first class mail for parties and counsel who do not receive electronic notice by the CM/ECF.

/s/ Matthew S. Wahrer

_____
Matthew S. Wahrer

Dated: January 26, 2024